## Usry *vs.* Usry *et al.*

Where, on a bill to cancel a deed and recover land conveyed by it, the jury found for the complainant four hundred acres of the land "by his refunding to the defendant $987.50," such refunding was a condition precedent to an absolute recovery, and until it took place no lien in favor of complainant's attorneys could attach to the land.

Attorney and. client. Lien. Verdict. Before R. W. CARSWELL, Esq., Judge *pro hac vice.* Glasscock Superior Court. August Term, 1879.

Reported in the decision.

JAMES WHITEHEAD, by brief, for plaintiff in error.

CHARLES S. DuBOSE; H. D. D. TWIGGS, by brief, for defendants.

WARNER, Chief Justice.

On the first of September, 1872, Samuel H. Usry filed his bill in equity, in Glasscock superior court, *vs.* Peter Usry.. Said bill prayed the cancellation of a deed dated November 10th, 1868, conveying a certain tract of land from the said Samuel H. Usry to the said Peter Usry. The bill alleged that said deed was void and ought to be canceled.

1. Because of the minority of the said Samuel H. Usry at the date of its execution.

2. Because of gross inadequacy of consideration—the allegation being that the said Samuel H. Usry received only three hundred and five dollars for said land, which amount was tendered back to said Peter Usry.

3. Because of fraud in the procurement of said conveyance.

Peter Usry, by plea and answer, defended upon the following grounds:

1. The failure of the said Samuel H. Usry to disaffirm

his contract within a reasonable time after attaining his majority, even if he was a minor when said deed was executed, which fact the answer denied.

2. His answer denied all *fraud* in the procurement of said deed, or that the price was *inadequate*, and averred that the said Samuel H. Usry had received from him for said land between six and seven hundred dollars.

Said cause was tried at the August Term, 1875, of Glasscock superior court, and the following verdict returned : "We, the jury, find for plaintiff four hundred acres of land unimproved of the eight hundred acre tract of land, *by his refunding to the defendant nine hundred and eighty-seven 50-100 dollars*, also the defendant pay costs." No decree was entered upon this verdict.

Peter Usry filed his bill *vs.* Samuel H. Usry to February term, 1876, of said court, wherein he prayed that the time be fixed within which said Samuel H. Usry should have the privilege of redeeming said land.

Hon. E. H. Pottle, Chas. S. DuBose, Esq., and H. D. D. Twiggs, Esq., were, on their motion, made parties defendant, and filed an answer claiming that as solicitors of Samuel H. Usry in the previous equity case for cancellation of deed, they had a lien on said land for fees. It was admitted that said attorneys were the solicitors of Samuel H. Usry, and that their services were worth two hundred dollars.

The evidence showed that the condition of the verdict *had not been complied with by Samuel H. Usry*, he never having refunded to Peter Usry, or offered to do so, the nine hundred and eighty-seven 50-100 dollars, or any part thereof, as required by the verdict. Among other directions, the court charged the jury as follows :

"That the legal effect and result of the verdict of the jury in the equity cause previously tried, was a finding for the complainant, and a recovery for him of the land in dispute, and the creation of a claim or lien on the land to Peter Usry for the sum of nine hundred and eighty-seven 50-100 dollars; also, by operation of law, a lien, called an

attorney's lien, attached to this land in favor of the defendants here, who were the attorneys at law of Samuel H. Usry, for their services rendered in the equity case previously tried, by reason of which the recovery of the land was had, so the status of the case is this: Peter Usry is the occupant of the land, which is subject to two claims and liens. The attorneys' lien, which is paramount and superior, for their fees for services rendered in the recovery of the land, and the claim and lien of Peter Usry for $987.50, established and created by the verdict."

Under this charge of the court the jury found a verdict that the defendant Samuel H. Usry, should have until the 25th of December, 1879, to refund the $987.50, and also found that the attorneys of Samuel H. had a lien on the land for their fees to the amount of $200.00. A motion was made for a new trial, on the ground of error in the charge of the court, and because the verdict was contrary to law, which was overruled, and the complainant Peter Usry excepted.

The 1989th section of the Code declares that attorneys at law shall have a lien for their fees upon all suits for the recovery of real property as well as on the property recovered, and provides for the enforcement of the same. The attorneys at law of Samuel H. Usry had no lien for their fees on the land of Peter Usry, and the land is his until Samuel H. pays the $987.50; in other words, Samuel H. has not recovered the land so as to give his attorneys a lien upon it for their fees as contemplated by the statute, and will not be entitled to recover the possession of it until he pays the $987.50. When he becomes entitled to the possession of the land then his attorneys will be entitled to a lien thereon for their fees. It may be that Samuel H. will never comply with the condition so as to entitle him to recover the possession of the land from Peter Usry, and it will hardly be contended in that event that Samuel H. Usry's attorneys would have a lien on Peter's land for their fees due them by Samuel H.

Let the judgment of the court below be reversed.